# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

EUGENE SMITH, :
:
      Plaintiff, :
:
v. :
: No. 5:18-cv-00334-MTT-CHW
DEPUTY WARDEN :
WILLIAM POWELL, *et al.*, :
:
      Defendants. :
_____ :

## ORDER

Plaintiff Eugene Smith, an inmate confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a civil rights action seeking damages under 42 U.S.C. § 1983. Compl., ECF No. 1. Along with his complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's motion for leave to proceed without prepayment of the filing fee was previously granted, and Plaintiff was directed to recast his complaint. Order, Oct. 23, 2018, ECF No. 6. Plaintiff has now filed a recast complaint, which is ripe for preliminary review. Recast Compl., ECF No. 8.

### I.    **Preliminary Pleading Requirements**

Because he is a prisoner proceeding *in forma pauperis*, Plaintiff's complaint is subject to a preliminary review. See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as

true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

2

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### A. Plaintiff's Original Complaint

In his original complaint, Plaintiff alleged that, when he entered the Georgia Diagnostic and Classification Prison on July 26, 2017, the classification committee, made up of Defendants Warden of Security William Powell, Johannes Goody, Karen Forbs, and Captain Sumpter, placed Plaintiff in the Special Management Unit ("SMU"), a high-security segregated disciplinary unit, without giving him a hearing or explaining why he was given this assignment. Compl. 5, ECF No. 1. Plaintiff asserted that the defendants' action in placing him in the SMU without a hearing violated his right to due process and constituted false imprisonment. *Id.* Additionally, Plaintiff contended that, on August 17, 2018, the classification committee advanced Plaintiff to the next phase of the SMU program without a hearing, which he said demonstrated that they recognized that his rights were violated when he was put into the SMU. *Id.* at 6.

The United States Magistrate Judge found that Plaintiff's allegations did not state a claim for denial of due process because Plainitff had not included any allegations regarding the conditions in the SMU as compared to the ordinary conditions of prison life. Order 5-6, Oct. 23, 2018, ECF No. 6. Accordingly, the Magistrate Judge ordered Plaintiff to recast his complaint to address the noted deficiency. *Id.* at 6.

3

B. <u>Plaintiff's Recast Complaint</u>

Plaintiff has now filed a recast complaint, in which he restates the allegations of his original complaint without alteration. Recast Compl. 5-6, ECF No. 8. Additionally, Plaintiff has attached a notice, asserting that he intentionally drafted his amended complaint exactly the same as his original complaint because he believes that he sufficiently stated a claim to pass the preliminary screening review. Attach. to Recast Compl. 1, ECF No. 8-1. Plaintiff does not, however, address the Magistrate Judge's finding that Plaintiff failed to state a claim because he did not include any allegations regarding the conditions in the SMU as compared to the ordinary incidents of prison life, nor does he otherwise include any new allegations regarding the change in conditions that resulted from his transfer to the SMU. *See generally* Recast Compl., ECF No. 8.

Plaintiff asserts that Defendants' actions constituted false imprisonment and a denial of due process. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Here, Plaintiff's complaint indicates that he is incarcerated pursuant to convictions entered in the Fulton County Superior Court in 2014, and his complaint does not include any allegations regarding a denial of due process in the entry of those convictions.[1] *See* Recast Compl. 1, ECF No. 8.

---

[1] Regardless, to the extent that those convictions have not been overturned or set aside, Plaintiff could not raise a civil rights claim challenging his imprisonment pursuant to those convictions, as any such claim would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes a prisoner from raising civil rights claims that would necessarily invalidate his conviction or sentence, as such claims may only be raised in a habeas corpus petition.

Thus, the question here is whether Plaintiff's allegations regarding the transfer to the SMU sufficiently set forth a claim for a violation of Plaintiff's due process rights.

To state a claim for denial of due process, a plaintiff must allege that he was deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 56 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). When a prisoner alleges a denial of due process based on his placement in segregation, due process protections are only evoked if the change in conditions is so severe that it essentially exceeds the sentence imposed by the court of conviction or when it imposes atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, as discussed above, Plaintiff alleges that he was not provided due process when he was placed in the SMU, but he makes no allegations with regard to the conditions in that unit or how those conditions compared to the ordinary conditions of prison life. Accordingly, Plaintiff has not alleged sufficient facts to state a claim for due process because he has not asserted any facts to show that his placement in the SMU resulted in a change in conditions so severe that it essentially exceeded his original sentence or otherwise imposed an atypical and significant hardship on him. *See id.*

Thus, for the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted against any of the named defendants. His complaint is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 22nd day of December, 2018.

                                            S/Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT